**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| DAVID ALLEN HELM, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 1:23-cv-00070-MTS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

Before the Court is Petitioner David Allen Helm's ("Helm" or "Petitioner") Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Doc. [1]. For the reasons stated below, the Court will deny Petitioner's Motion, and, since the files and records of this case conclusively show that Petitioner is not entitled to relief, the Court will not hold an evidentiary hearing.

**I.     Background**

On November 02, 2021, a grand jury in this District returned an indictment that charged Helm with being a drug user in possession of a firearm, in violation of 18 U.S.C. § 922(g)(3) (Count I); possession of marijuana with intent to distribute, in violation of 18 U.S.C. § 841(a)(1) (Count II); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c) (Count III).  Crim. Doc. [1].

On December 27, 2021, Helm waived filing pretrial motions. On February 22, 2022, Helm, along with his attorney, appeared before this Court for a change of plea hearing. Pursuant to a Guilty Plea Agreement (the "Agreement"), in exchange for Helm's voluntary plea of guilty to Counts I and II, the United States agreed to dismiss Count III at the time of sentencing, resulting in Helm avoiding a consecutive 60-month mandatory minimum sentence pursuant to 18

U.S.C. § 924(c). Doc. [22] at 1. The Agreement provided that the United States and Helm would jointly recommend a sentence of 48 months. *Id.* at 2.

In the Agreement, Helm acknowledged that the United States would be able to prove the following facts beyond a reasonable doubt if the case went to trial:

> On July 21, 2021, a state search warrant was executed at the residence of David Helm in Wayne County, Missouri, by officers with the Southeast Missouri Drug Task Force and the Wayne County Sheriff's Office. The following illegal contraband was seized from inside the residence: approximately fifteen pounds of marijuana; drug paraphernalia; a small quantity of methamphetamine; and fifteen firearms to include eight rifles, five shotguns and two pistols.
>
> Helm admits that he was in possession of the firearms seized from his residence on July 21, 2021. He further admits that he was in possession of the marijuana seized from his residence, and that he intended to distribute some or all the marijuana to another person or persons.

Doc. [22] at 3–4.

Through the Agreement, Helm waived "all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery, the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty, and whether defendant's conduct falls within the scope of the statute(s)." Doc. [22] at 6. Helm also agreed to waive "all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 18, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *Id.* at 7. On August 15, 2022, the Court sentenced Helm to 48 months' imprisonment. Helm did not file a direct appeal. Helm filed the instant Motion seeking post-conviction relief.

Helm raises two grounds for relief. First, he maintains that he received ineffective assistance of counsel because his attorney did not file a pretrial motion seeking dismissal of Count I as unconstitutional under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1

(2022).[1] Doc. [1] at 4. His second ground charges prosecutorial misconduct against the United States for continuing forward with Count I in contravention to the "law of the land" established in *Bruen*. Doc. [1] at 5.

## II.   Discussion

### a.   Section 2255 Standard

Section 2255 of Title 28 provides a "postconviction remedy for federal prisoners." *Jones v. Hendrix*, 143 S. Ct. 1857, 1863 (2023). "Section 2255 is an outgrowth of the historic habeas corpus powers of the federal courts as applied to the special case of federal prisoners." *Id.* at 1865. "Since 1948, Congress has provided that a federal prisoner who collaterally attacks his sentence ordinarily must proceed by a motion in the sentencing court under § 2255, rather than by a petition for a writ of habeas corpus under § 2241." *Id.* at 1863. In relevant part, § 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

A prisoner is entitled to an evidentiary hearing on a § 2255 motion unless the motion, files, and records of the case conclusively show that the prisoner is not entitled to relief. § 2255(b); *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995). The Court of Appeals for the Eighth Circuit has explained that a § 2255 petition "can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the

---

[1] The Supreme Court of the United States handed down its decision in *Bruen* on June 23, 2022, four months after Helm's guilty plea, but two months prior to his sentencing date.

allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact." *Id*.

### b. Ground One: Ineffective Assistance of Counsel

The Supreme Court has held that "[i]f a plea bargain has been offered, a defendant has the right to effective assistance of counsel in considering whether to accept it." *Lafler v. Cooper*, 566 U.S. 156, 168 (2012). In ineffective assistance of counsel cases, a defendant must show that, (1) his attorney's performance was deficient and outside the range of reasonable professional assistance, and (2) he was prejudiced by his counsel's deficient performance to the extent that there is a reasonable probability that, but for counsel's error, the result of the proceeding would have been different. *Sharp v. United States*, 132 F.4th 1094, 1098 (8th Cir. 2025) (citing *Strickland v. Washington*, 466 U.S. 668, 687, 689, 694 (1984).[2] To show prejudice, a defendant who pleaded guilty "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*. (quoting *Hill v. Lockhart*, 474 U.S. 52, 58-59 (1985).

Petitioner argues in his first ground that counsel was ineffective because counsel failed to file a pretrial motion challenging the constitutionality of 18 U.S.C. § 922(g)(3) under *Bruen*[3], and in failing to preserve his right to appeal the issue. Doc. [1] at 4. Petitioner asserts that plea counsel should have made a facial challenge[4] to § 922(g)(3), claiming it is "unconstitutional because there is no historical tradition of prohibiting drug users from possessing firearms." Doc. [1] at 14. Petitioner would not have prevailed on a facial challenge to § 922(g)(3) before or after

---

[2] A court is not required to address both components of the *Strickland* standard if a movant makes an insufficient showing on one of the prongs. *Id.* at 697.
[3] "When the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct. The government must then justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation." 597 U.S. at 24.
[4] *See United States v. Salerno*, 481 U.S. 739, 745 (1987) (to prove facial unconstitutionality, "the challenger must establish that no set of circumstances exists under which the Act would be valid.").

*Bruen*. *See United States v. Veasley*, 98 F.4th 906, 918 (8th Cir. 2024) (rejecting a facial challenge to § 922(g)(3) because the statute's prohibition is consistent with historical regulations on firearm possession by mentally ill or dangerous individuals. *Bruen* has "supplemented the analysis" used in *United States v. Seay,* 620 F.3d 919 (8th Cir. 2010), "but it has not changed the answer"); *see also United States v. Cobbs*, No. 24-1963, 2025 WL 1201404 *1 (8th Cir. April 25, 2025) (per curiam, unpublished) (direct appeal of conditional guilty plea to preserve facial challenge to § 922(g)(3) rejected considering *Veasley*); *see also United States v. Smith*, No. 23-3570, 2025 WL 25946 at *1 (8th Cir. Jan. 3, 2025) (per curiam, unpublished) (direct appeal of conditional guilty plea to preserve facial challenge to § 922(g)(3) rejected considering *Veasley*); *see also Gilpin v. United States*, No. 23-1311, 2024 WL 1929297 at *1 (8th Cir. May 2, 2024) (per curiam, unpublished) (denial of § 2255 motion based on claim that counsel was ineffective for failing to bring a facial challenge as to the constitutionality of § 922(g)(3) rejected considering *Veasley*).

Plea counsel's alleged failure to raise a facial challenge to the constitutionality of § 922(g)(3) did not constitute deficient performance. Petitioner's counsel had no obligation to bring a meritless constitutional challenge to § 922(g)(3). And, as discussed above, Petitioner cannot demonstrate he was prejudiced by counsel's alleged failure because the Eighth Circuit has rejected facial challenges to the constitutionality of § 922(g)(3). As such, Petitioner has not met his burden to show ineffective assistance of counsel.

Ground One is denied.

**Ground Two: Prosecutorial Misconduct**

Petitioner's next ground asserts prosecutorial misconduct. Petitioner claims the United States failed to maintain the Missouri Rules of Professional Conduct because the "charging, indicting, prosecuting" were done in "bad faith" and "in contravention to the current law of the

land" because the guilty plea "fail[ed] to mention the constitutionality of 18 U.S.C. § 922(g)(3)" and "infring[ed] on the Petitioner's right to bear arms under the U.S. Constitution's Second Amendment." Doc. [1] at 5. "In order to warrant relief, or, as an initial matter, even an evidentiary hearing, a habeas corpus petitioner must allege sufficient facts to establish a constitutional claim." *Wiggins v. Lockhart*, 825 F.2d 1237, 1238 (8th Cir. 1987) (quoting *Allard v. Nelson,* 423 F.2d 1216, 1217 (9th Cir. 1970)). Conclusory allegations will not suffice. *Id.* Here, the substance of Petitioner's Ground Two is that the Government failed to "mention the constitutionality of 18 U.S.C. § 922(g)(3)" in the plea agreement, and thus, omitted a fact in violation of the Missouri Rules of Professional Conduct. Doc. [1] at 5. Petitioner's claim of prosecutorial misconduct is merely conclusory. Ground Two is denied.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that David Allen Helm's motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, Doc. [1], is **DENIED**.

**IT IS HEREBY ORDERED** that David Allen Helm's motion for an evidentiary hearing is **DENIED**.

**IT IS FINALLY ORDERED** that the issuance of a certificate of appealability is **DENIED**.

A separate Judgment will be entered herewith.

Dated this 9th day of June, 2025.

_____
MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE